**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM JOSEPH TURNER,

            Plaintiff,

CASE NO. 07-14694
HON. LAWRENCE P. ZATKOFF

v.

LIEUTENANT "JOHN DOE" FRENCH,
DEPUTY "JOHN DOE" FULLER, and
DEPUTY "JOHN DOE" GOULD,

            Defendants.
_____/

## **OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 21, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### **I. INTRODUCTION**

This matter is before the Court on Defendants' Motion for Partial Summary Judgment [dkt. #16], and Plaintiff's Motion for Leave to File an Amended Complaint [dkt. #14]. The Court finds that the facts and legal arguments are adequately presented in the parties' papers, and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. As set forth below, both motions will be GRANTED.

### **II. BACKGROUND**

This case arises from Plaintiff's arrest and subsequent detention on November 3, 2005, for a probation violation. On that date, Plaintiff was arrested by City of Flint police officers and transported to the Genesee County Jail. Upon completing the jail's intake procedures, the arresting

officers turned Plaintiff's custody over to the Genesee County Jail pending his arraignment.

After the arresting officers turned over Plaintiff's custody, and as he was continuing with the booking process, Plaintiff states that he informed Defendant French that he feared he may be retaliated against by Genesee County Sheriff's deputies based on his testimony in another case. Defendant French assured Plaintiff that he would be safe, and returned to his office.

Shortly after his conversation with Defendant French, Plaintiff alleges that Defendants Fuller and Gould forcefully and without justification seized him and twisted his left hand and right arm behind his back. Defendants Fuller and Gould then slammed Plaintiff's face into a wall and took him to an observation cell, where they slammed his face into a wall a second time. As a result of this incident, Plaintiff suffered a cut above his left eye that required stitches. Plaintiff's left hand was also x-rayed.

Plaintiff filed the present suit under 42 U.S.C. § 1983, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights, as well as state-law claims of assault and battery, and negligence. Defendants now move for partial summary judgment.

### III. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005).

### IV. ANALYSIS

Defendants move for summary judgment to the extent that Plaintiff's claims are based on the Fourth and Eighth Amendments. Defendants argue that at the time of the incident in question,

Plaintiff was a pretrial detainee, and, therefore, the Fourth and Eighth Amendments do not apply. Plaintiff disagrees, and argues that he was either an arrestee protected by the Fourth Amendment or a prisoner protected by the Eighth Amendment. Accepting Plaintiff's factual allegations as true, the Court finds that Plaintiff was a pretrial detainee at the time of the incident and, therefore, his claim must be brought under the Fourteenth Amendment.

The proper constitutional source of Plaintiff's claim depends on his status at the time of the incident, "whether free citizen, convicted prisoner, or something in between." *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002). "If the plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, the plaintiff's claim arises under the Fourth Amendment and its reasonableness standard." *Id*. In contrast, the Eighth Amendment's wantonness standard applies to a plaintiff who, at the time of the incident, was a convicted prisoner. *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989)). Finally, "if a plaintiff is not in a situation where his rights are governed by the particular provisions of the Fourth or Eighth Amendments, the more generally applicable due process clause of the Fourteenth Amendment still provides some individual protection against physical abuse by officials." *Phelps*, 286 F.3d at 300.

The Fourth Amendment is not a proper constitutional basis for Plaintiff's claims. The Sixth Circuit has explicitly held that "the seizure that occurs when a person is arrested continues throughout the time the person remains in the custody of the arresting officers." *McDowell v. Rogers*, 863 F.2d 1302, 1306 (6th Cir. 1988). In the present case, the seizure of Plaintiff's person was complete prior to Defendants' conduct: Plaintiff's actual arrest was long over, he had been released from the arresting officers' custody for a period of time, and he was completing the booking

3

process at the Genesee County Jail in the custody of its deputies. Since Plaintiff's arrest was complete and the arresting officers no longer had custody over him, the use of force did not occur during the course of an arrest, and Plaintiff's claim does not arise under the Fourth Amendment. *Phelps*, 286 F.3d at 299; *Valencia v. Wiggins*, 981 F.2d 1440, 1443-44 (5th Cir. 1993) (finding that the Fourth Amendment does not apply to incidents "occurring ... after the incidents of arrest are completed, after the plaintiff has been released from the arresting officer's custody, and after the plaintiff has been in detention awaiting trial for a significant period of time").

Moreover, the Court finds that the Eighth Amendment does not provide the source for Plaintiff's constitutional claim, and rejects Plaintiff's argument that he was a prisoner at the time of the incident. "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977). Although Plaintiff was arrested for violating the conditions of his probation for a prior conviction, he had not been convicted and sentenced based on the probation violation. Therefore, Defendants had not yet acquired the power to punish Plaintiff for that violation. As a result, Plaintiff was not entitled to the protection of the Eighth Amendment at the time of Defendants' conduct. *See Graham*, 490 U.S. at 393 n. 6 (noting that the Eighth Amendment's protections do not attach until after conviction and sentencing).

Because Plaintiff's claim is governed by neither the Fourth Amendment nor the Eighth Amendment, Plaintiff's claim must be grounded in the Fourteenth Amendment's Due Process Clause. *Id.* at 395 n. 10 (finding that "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); *Phelps*, 286 F.3d at 300. The alleged excessive force occurred after Plaintiff's arrest but prior to any conviction or sentence. Therefore,

Plaintiff was a pretrial detainee, and the Fourteenth Amendment provides the source for his constitutional claim.

## IV. CONCLUSION

The Court concludes that Plaintiff was a pretrial detainee at the time of the alleged incident, and that his claim must be brought pursuant to the Due Process Clause of the Fourteenth Amendment. Accordingly,

IT IS ORDERED that Defendants' motion is GRANTED, and Plaintiff's claims under the Fourth and Eighth Amendments are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's state-law claims of assault and battery, and negligence are DISMISSED WITHOUT PREJUDICE. Although the Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction if there are "compelling reasons for declining jurisdiction." *See* 28 U.S.C. § 1367(c)(4). The Court finds that the contemporaneous presentation of Plaintiff's parallel state claims for relief will result in the undue confusion of the jury. *See Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994).

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint [dkt. #14] is GRANTED. Plaintiff shall file his amended complaint within 21 days of this Order, and such amendment shall be strictly limited to the amendments proposed in Plaintiff's motion.

IT IS SO ORDERED.

                                               s/Lawrence P. Zatkoff
                                               LAWRENCE P. ZATKOFF
                                               UNITED STATES DISTRICT JUDGE

Dated: March 21, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 21, 2008.

                                               s/Marie E. Verlinde
                                               Case Manager
                                               (810) 984-3290