**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM JOSEPH TURNER,

          Plaintiff,

CASE NO. 07-14694
HON. LAWRENCE P. ZATKOFF

v.

LIEUTENANT "JOHN DOE" FRENCH,
DEPUTY PATRICK FULLER, and
DEPUTY JASON GOULD,

          Defendants.
          _____/

**ORDER (1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**
**AND (2) STRIKING PLAINTIFF'S AMENDED COMPLAINT IN PART**

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Amended Complaint [dkt. #22] and Plaintiff's Motion to Appoint Counsel [dkt. #24]. For the reasons stated below, Defendants' motion is GRANTED and Plaintiff's motion is DENIED.

Plaintiff is currently incarcerated in the Mound Correctional Facility in Detroit, Michigan, and has proceeded to this point as a *pro se* litigant. Plaintiff now requests that the Court appoint counsel to assist in prosecuting this action. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's Motion to Appoint Counsel is DENIED.

In its Opinion and Order dated March 21, 2008, the Court permitted Plaintiff to amend his complaint to identify previously unknown defendants and to more accurately reflect the dates and times of relevant events. Plaintiff filed his amended complaint on April 8, 2008; however, Plaintiff

included claims that the Court had previously dismissed. Defendants now seek to strike those portions of Plaintiff's amended complaint that exceed the scope of leave granted by the Court.

A motion to strike pursuant to Fed. R. Civ. P. 12(f) is properly granted where the amended complaint contains allegations of claims previously dismissed by the district court, *see Ex rel Rubio v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092 (D. Kan. 2007), or where the amended complaint exceeds the scope of the amendment permitted by the court, *see U.F.C.W. Local 56 Health and Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149 (D.N.J. 2007). In this case, Plaintiff's amended complaint states claims under the Fourth and Eighth Amendments that the Court dismissed in its March 21, 2008, Opinion and Order. Therefore, Defendants' motion is GRANTED, and the Court HEREBY STRIKES those portions of Plaintiff's amended complaint that allege causes of action previously dismissed by the Court, as well as amendments made outside of the scope of leave granted by the Court.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 14, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 14, 2009.

s/Marie E. Verlinde
Case Manager
(810) 984-3290
