UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM TURNER (#416516),

|  |  |
|---|---|
| Plaintiff, | CASE NO. 2:07-CV-14694 |
|  | JUDGE LAWRENCE P. ZATKOFF |
|  | MAGISTRATE JUDGE PAUL J. KOMIVES |

v.

LIEUTENANT FRENCH, PATRICK M. FULLER and
JASON GOULD,

Defendants,

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS FULLER AND
GOULD'S MARCH 19, 2012 MOTION TO DISMISS (Doc. Ent. 35)**

**I.**   **RECOMMENDATION:**  The Court should grant defendants Fuller and Gould's March

19, 2012 motion to dismiss (Doc. Ent. 35).

**II.**   **REPORT:**

**A.**   **Background**

William Joseph Turner (#416516) was incarcerated at the Michigan Department of

Corrections (MDOC) Mound Correctional Facility (NRF) when he filed this complaint on

November 1, 2007 against defendants French, Fuller and Gould of the Genesee County Sheriff's

Department.  Doc. Ent. 1 at 1, 5 ¶¶ 4-6.  The facts underlying plaintiff's complaint stem from the

alleged events of November 4, 2005.  Doc. Ent. 1 ¶¶ 8-21.

On March 21, 2008, Judge Zatkoff entered an order (a) granting defendant Gould and

Fuller's February 11, 2008 motion for partial summary judgment (Doc. Ent. 16); (b) dismissing

plaintiff's claims under the Fourth and Eighth Amendments; (c) dismissing without prejudice

plaintiff's state-law claims of assault and battery, and negligence; and (d) granting plaintiff's

January 30, 2008 motion for leave to file an amended complaint (Doc. Ent. 14). Doc. Ent. 19 at 1, 5.

On April 8, 2008, Turner filed an amended complaint against the same defendants. Doc. Ent. 21 ¶¶ 4-6. The facts underlying the amended complaint stem from the alleged events of November 3, 2005. Doc. Ent. 21 ¶¶ 8-21.

However, on January 14, 2009, Judge Zatkoff entered an order (1) denying plaintiff's May 5, 2008 motion to appoint counsel (Doc. Ent. 24); (2) granting defendants Fuller and Gould's April 9, 2008 motion to strike (Doc. Ent. 22); and (3) striking in part plaintiff's April 8, 2008 amended complaint (Doc. Ent. 21). Doc. Ent. 29. Specifically, the order strikes "those portions of Plaintiff's amended complaint that allege causes of action previously dismissed by the Court, as well as amendments made outside of the scope of leave granted by the Court." Doc. Ent. 29 at 2.

**B.      Two (2) of the Three (3) Defendants Have Appeared.**

Defendants Fuller and Gould are represented by counsel. *See* Doc. Ent. 8 (December 21, 2007 Appearance); Doc. Ent. 11 (Fuller's Executed Waiver of Service). They have also filed answers to the complaint. *See* Doc. Entries 9, 10, 12, 13.

However, it does not appear that the waiver of service sent to French on November 6, 2007 at the Genesee County Jail (GCJ) was executed. *See* Doc. Ent. 27.

**C.      Fuller and Gould's March 19, 2012 Motion to Dismiss.**

Judge Zatkoff has referred this case to me for all pretrial proceedings. Doc. Ent. 32. Currently before the Court is defendants Fuller and Gould's March 19, 2012 motion to dismiss,

wherein they seek dismissal of plaintiff's complaint without prejudice pursuant to Fed. R. Civ. P.

41(b) ("Involuntary Dismissal; Effect.").  Doc. Ent. 35 at 3.

**D.      Fed. R. Civ. P. 41**

Fed. R. Civ. P. 41 governs dismissal of actions.  With respect to an involuntary dismissal,

the rule provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply
> with these rules or a court order, a defendant may move to dismiss the action or
> any claim against it. Unless the dismissal order states otherwise, a dismissal under
> this subdivision (b) and any dismissal not under this rule--except one for lack of
> jurisdiction, improper venue, or failure to join a party under Rule 19--operates as
> an adjudication on the merits.

Fed. R. Civ. P. 41(b).  "Rule 41(b) of the Federal Rules of Civil Procedure gives courts the

authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or

any order of the court.'"  *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 362-363 (6th Cir.

1999).  "This measure is available to the district court as a tool to effect 'management of its

docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing

parties.'"  *Knoll*, 176 F.3d at 363 (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th

Cir. 1984)).

"In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four

factors for guidance:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether
> the adversary was prejudiced by the dismissed party's conduct; (3) whether the
> dismissed party was warned that failure to cooperate could lead to dismissal; and
> (4) whether less drastic sanctions were imposed or considered before dismissal
> was ordered. *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th
> Cir.1998). Although typically none of the factors is outcome dispositive, it is said
> that a case is properly dismissed by the district court where there is a clear record
> of delay or contumacious conduct. *Carter v. City of Memphis*, 636 F.2d 159, 161
> (6th Cir.1980).

3

*Knoll*, 176 F.3d at 364.

**E.     Analysis**

**1.     Defendants' March 19, 2012 Motion to Dismiss Is Unopposed.**

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). "A response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B). Ordinarily, plaintiff's response to defendants' March 19, 2012 motion to dismiss (Doc. Ent. 35) would have been due on or about April 12, 2012. Fed. R. Civ. P. 6(a), Fed. R. Civ. P. 6(d). Twice the Court has entered orders setting the deadline for plaintiff's response to the March 19, 2012 motion to dismiss (Doc. Ent. 35) - one setting it for April 23, 2012 (Doc. Ent. 36) and the other setting it for May 2, 2012 (Doc. Ent. 38).

To date, plaintiff has not filed a response to defendants' March 19, 2012 motion to dismiss (Doc. Ent. 35).

**2.     Plaintiff's Current Address Is Unclear.**

**a.**     On October 23, 2008, plaintiff informed the Court of his transfer to Macomb Correctional Facility (MRF). Doc. Ent. 28. On March 11, 2009, plaintiff informed the Court of his transfer to Saginaw Correctional Facility (SRF). Doc. Ent. 30. Finally, on April 28, 2009, plaintiff informed the Court that his address had changed to 818 Addison Street, Flint, Michigan. Doc. Ent. 31. According to the Offender Tracking Information System (OTIS), Turner was discharged on September 14, 2010. *See* www.michigan.gov/corrections, "Offender Search."

**b.**     Plaintiff's current address is unclear. First, mail from this Court to plaintiff has been returned as undeliverable. To be sure, it appears that two documents which postdate his April 28,

4

2009 address change (Doc. Ent. 31) were mailed to SRF.[1]  However, on April 4, 2012, I entered

an order stating that plaintiff shall file any response to defendants' March 19, 2012 motion to

dismiss (Doc. Ent. 35) on or before May 2, 2012.  Doc. Ent. 38.  On April 6, 2012, a copy of this

order was mailed to plaintiff at 818 Addison Street, Flint, MI 48505.  However, on April 11,

2012, it was returned to sender on the basis that it was "not deliverable as addressed."

      Second, defendants Fuller and Gould have had a similar problem.  On February 15, 2012,

defendants claim, they sent correspondence to plaintiff at his last known address regarding dates

for his deposition but "received no response nor any returned mail."  Doc. Ent. 35 ¶ 7.  Also,

attached to defendants Fuller and Gould's March 19, 2012 motion are copies of (a) an envelope

mailed to plaintiff on March 2, 2012 at 818 Addison Street, Flint, MI 48505-3913 but returned to

sender on March 7, 2012 and another envelope mailed to plaintiff on March 2, 2012 at 818

Addison Street, Flint, MI 48505-3913 but returned to sender on March 6, 2012 (Doc. Ent. 35-2 at

2).[2]  In each case, the envelopes were marked "attempted - not known" and "unable to forward."

Doc. Ent. 35-2 at 2.  According to defendants Fuller and Gould, these envelopes contained a

notice of deposition scheduling plaintiff's deposition for March 12, 2012 and the first request to

admit.  Doc. Ent. 35 ¶¶ 8-10.

**3.**      **The Court should dismiss plaintiff's case pursuant to Fed. R. Civ. P. 41(b).**

---

[1]On January 19, 2012, I entered a scheduling order which set discovery and dispositive motion deadlines.  Doc. Ent. 33.  The copy of this order sent to plaintiff at SRF was returned to the Court with the envelope marked, "Never @ SRF."  Doc. Ent. 34.  On March 20, 2012, I entered an order (Doc. Ent. 36) setting the deadline for plaintiff's response to defendants Fuller and Gould's March 19, 2012 motion to dismiss (Doc. Ent. 35).  The copy of this order sent to plaintiff at SRF was returned to the Court with the envelope marked, "NAME NUMBER DO NOT MATCH."  Doc. Ent. 37.

[2]*See* www.usps.com, "Look Up a Zip Code" (818 Addison St, Flint, MI 48505-3913).

In their motion brief, defendants Fuller and Gould argue that the *Knoll* factors have been met. Doc. Ent. 35 at 7-11. For the following reasons, the Court should dismiss plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b).

First, the E.D. Mich. Local Rules provide in part that "[e]very attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").

Second, "[w]hile a pro se party is entitled to have her pleadings construed liberally, she will not be relieved of the responsibility to comply with the basic rules of court." *Brown v. Woodward*, No. 95-5792, 1998 WL 211785, 1 (6th Cir. Apr. 23, 1998).

Third, it appears plaintiff has abandoned this case. Defendants Fuller and Gould assert that they "have received no communications or correspondence from Plaintiff since April 28, 2009, almost three years ago." Doc. Ent. 35 ¶ 6. It is defendants Fuller and Gould's position that they "have been prejudiced by Plaintiff's neglect of this matter, in that Defendants are unable to conduct necessary discovery in order to properly defend this litigation." Doc. Ent. 35 ¶ 13.

Although plaintiff filed fourteen (14) matters in this case,[3] plaintiff has not filed anything in this case since his April 28, 2009 notice of change of address/contact information (Doc. Ent. 31).[4]

Therefore, considering (1) plaintiff's failure to respond to the pending dispositive motion under the circumstances described above, (2) plaintiff's apparent abandonment of this case, and (3) in an effort to impose a less drastic sanction, the Court should dismiss plaintiffs claims against defendants Fuller and Gould without prejudice for failure to prosecute. *See White v. Bouchard*, No. 05-73718, (E.D. Mich. May 27, 2008) (Hood, J., adopting report and recommendation of Komives, M.J.).[5]

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

---

[3]*See* Doc. Entries 1, 2, 3 [November 1, 2007]; Doc. Ent. 7 [November 27, 2007]; Doc. Ent. 14 [January 30, 2008]; Doc. Ent. 17 [February 22, 2008]; Doc. Ent. 20 [March 27, 2008]; Doc. Ent. 21 [April 8, 2008]; Doc. Entries 23, 24 [May 5, 2008]; Doc. Ent. 26 [June 3, 2008]; Doc. Ent. 28 [October 23, 2008]; Doc. Ent. 30 [March 11, 2009]; and Doc. Ent. 31 [April 28, 2009].

[4]Thirty-eight (38) matters have been filed in this case. In total, defendants Gould and Fuller have filed eleven (11) matters. *See* Doc. Entries 8, 9, 10, 12, 13, 15, 16, 18, 22, 25 and 35. Thirteen (13) filings in this case have been filed by the Clerk of the Court: the U.S. Marshal's acknowledgment of receipt of documents for service of process (Doc. Ent. 6), orders of the Court (Doc. Entries 4, 5, 19, 29, 32, 33, 36 and 38), waivers of service (Doc. Entries 11 and 27), copies of orders returned as undeliverable (Doc. Entries 34 and 37).

[5]A copy of this decision is attached to defendants' March 19, 2012 motion. *See* Doc. Ent. 35-3. In *White*, my report and recommendation stated: "Considering (1) plaintiff's failure to respond to the pending dispositive motion under the circumstances described above, (2) plaintiff's apparent abandonment of this case, and (3) the factor of imposing a less drastic sanction before granting defendant's request for dismissal with prejudice, the Court should dismiss plaintiff's complaint without prejudice for failure to prosecute. *Hill v. General Motors Corp.*, No. 88-3588, 1990 WL 25065, *1, *4 n. 2 (6th Cir. Mar.8, 1990) (affirming 'the district court's dismissal, without prejudice, of [a] diversity tort action for failure to prosecute[,]' the Court noted that '[i]n this case, the dismissal was without prejudice; thus, it was on its face a less severe sanction than the authorized under Rule 41(b) and *Link*.' )." *White*, 2008 WL 2216281 at 5.

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                             s/Paul J. Komives
                                             PAUL J. KOMIVES
                                             UNITED STATES MAGISTRATE JUDGE

Dated: 9/17/12

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on September 17, 2012.

                            s/Eddrey Butts
                            Case Manager